﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/19/19

DOCKET NO. 190513-7066
DATE: June 20, 2019

REMANDED

Entitlement to service connection for bladder cancer as a result of exposure to ionizing radiation is remanded.

Entitlement to service connection for kidney cancer as a result of exposure to ionizing radiation is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1955 to March 1957.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

In March 2019, an SOC was issued on these issues and later that same month, the Veteran submitted a Direct Review of the evidence considered by the Agency of Original Jurisidiction (AOJ). See VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement). His claims are therefore withdrawn from the previous appeals process (the “Legacy” process).

Entitlement to service connection for bladder cancer and kidney cancer as a result of exposure to ionizing radiation are remanded.

The Veteran asserts that his bladder cancer and kidney cancer are related to exposure to ionizing radiation during service. 

Specifically, the Veteran expressed that in the spring of 1955, he was stationed at Fort Bliss in El Paso, Texas. The Veteran stated that he was training to be a missile control operator S.A.M. (surface to air missile). The Veteran expressed that upon completion of his course, he went to the Red Canyon, New Mexico missile range for down range practice of the Nike Ajax missile development program. The Veteran indicated that at that time, nuclear testing was being conducted in the same area. The Veteran reported that there was radioactive fallout and that he did not have any protective outerwear. 

Service connection for disability that is claimed to be attributable to exposure to ionizing radiation during service can be demonstrated by three different methods. See Hilkert v. West, 11 Vet. App. 284, 289 (1998). 

First, if a Veteran exposed to radiation during active duty later develops one of the diseases listed at 38 C.F.R. § 3.309(d)(2), which encompass a variety of different forms of cancer, a rebuttable presumption of service connection arises. See 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

Second, service connection may be established if a radiation-exposed Veteran develops a “radiogenic disease” and meets the remainder of requirements defined in 38 C.F.R. § 3.311. Kidney cancer and bladder cancer are included in the list of radiogenic diseases. 38 C.F.R. § 3.311(b)(2)(xxiii). 

Third, service connection may be established by competent evidence establishing the existence of a medical nexus between the claimed condition and exposure to ionizing radiation during service. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994); Davis v. Brown, 10 Vet. App. 209, 211 (1997); Rucker v. Brown, 10 Vet. App. 67, 71 (1997).

The Veteran’s claims file contains a medical record dated in June 1995, in which the Veteran indicated that he was stationed at Red Canyon, New Mexico and that he was very close to the atomic bomb sites in Nevada. 

Development completed by the agency of original jurisdiction (AOJ) in this regard included a July 2018 letter from the Army Dosimetry Center, which noted that they were unable to locate any records of the Veteran.

In the March 2019 Statement of the Case (SOC), the AOJ stated that research reveals Red Canyon was part of the White Sands Proving Ground/White Sands Missile, New Mexico. The AOJ noted that this military installation was also home to the Trinity Site, where the world’s first atomic bomb was detonated in1945. The AOJ stated that reasonable minds would agree that some ionized radiation may have still been present a decade later when the Veteran served at the White Sands installation. 

The Board notes that the evidence of record suggests diagnoses of radiogenic diseases within the meaning of 38 C.F.R. § 3.311(b)(2), and the diseases appear to have manifested more than five years after the Veteran’s alleged exposure. Despite the foregoing development, the claims file does not reflect that the Veteran’s claim was developed pursuant to the procedures outlined in 38 C.F.R. § 3.311, to include obtaining a dose assessment from the Under Secretary of Health. 

Given the above, the AOJ committed a pre-decisional duty to assist error by failing to fully comply with the procedural development required under 38 C.F.R. § 3.311. Accordingly, remand is necessary ensure full compliance with the procedural development required under 38 C.F.R. § 3.311. 

The matters are REMANDED for the following action:

1. In accordance with 38 C.F.R. § 3.311(a)(2)(iii), the AOJ should develop the record regarding and obtain any records concerning the Veteran’s alleged radiation exposure. Such development should include procuring service records and clarifying any statements regarding the specifics of radiation exposure. Thereafter, such records should be forwarded to the Under Secretary for Health, for preparation of a dose estimate, to the extent feasible. If a specific estimate cannot be made, a range of possible doses should be provided. The resulting dose estimate must include consideration of the Veteran’s diagnoses of bladder and kidney cancer.

If the evidence establishes that the Veteran was exposed to ionizing radiation in service, refer the claims to the Under Secretary for Benefits or their designee for all required action under 38 C.F.R. § 3.311.

If the evidence establishes that the Veteran was exposed to ionizing radiation in service, obtain VA examination(s) and medical opinion(s) from qualified medical professional(s) with appropriate expertise. The examiner(s) should review the Veteran’s claims file, including a copy of this remand. If the examiner(s) determines that an opinion cannot be provided without an examination, the Veteran should be scheduled for one. 

The examiner(s) must address the following:

Whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s bladder and kidney cancer are related to his active service, or is caused by or aggravated by military service, to include due to ionizing radiation exposure in service.

The examiner must provide a complete and detailed rationale for the opinions provided.

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M.D.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.